UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff/Respondent, | ) | No. 5:13-CR-62-JMH-HAI-3 |
| v. | ) | |
| | ) | RECOMMENDED DISPOSITION |
| ANGEL MARIE YARBER, | ) | |
| Defendant/Movant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Federal Prisoner Angel Marie Yarber has filed a motion under 28 U.S.C. § 2255, seeking a reduction in her federal sentence. D.E. 448. In 2013, Yarber pleaded guilty to participation in an oxycodone distribution conspiracy, along with two counts of being a felon in possession of a firearm. D.E. 150. She was sentenced by Judgment entered May 20, 2014, and did not appeal. D.E. 363.

Yarber now raises a single claim. She argues her sentence should be reduced under the "Mitigating Role" Guideline at USSG § 3B1.2, which the Sentencing Commission recently amended.

Amendment 794, effective November 1, 2015, revises the "Application Notes" section of the Commentary to § 3B1.2. The amendment states that it was driven by the Sentencing Commission's realization that the Mitigating Role reduction was being "applied inconsistently and more sparingly than the Commission intended," particularly in drug cases. USSG Supplement to Appendix C at 116-18. Yarber asks the Court to resentence her in light of this Amendment. D.E. 448.

Yarber's motion was assigned to the undersigned in accordance with Rule 4 of the Rules Governing Section 2255 Cases for the purposes of conducting a preliminary review. *See* Rules Governing Section 2255 Cases, Rule 4. Under such review, "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion." *Id.*; *see also* 28 U.S.C. § 2255(b) (permitting dismissal of a § 2255 motion when "the files and records of the case conclusively show that the prisoner is entitled to no relief"). Having conducted this review, the undersigned finds that Yarber's motion should be dismissed for the following reasons:

- Amendment 794 does not apply retroactively to sentences that have become final.
- Non-constitutional challenges to sentences cannot generally be asserted through a § 2255 motion.
- In her plea Agreement, Yarber waived the right to collaterally attack her sentence, except for claims of ineffective assistance of counsel.
- Yarber's motion is untimely.
- Yarber's motion is not signed under penalty of perjury.

**I.**

Under 28 U.S.C. § 2255, a federal prisoner may seek habeas relief because her sentence violates the Constitution or federal law, the federal court lacked jurisdiction to impose such a sentence, or the sentence exceeds the maximum authorized by law. 28 U.S.C. § 2255. To prevail on a § 2255 motion alleging constitutional error, a defendant must establish that the error had a "substantial and injurious effect or influence on the proceedings." *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (citing *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993)). A

2

§ 2255 movant bears the burden of proving his or her allegations by a preponderance of the evidence. *McQueen v. United States*, 58 F. App'x 73, 76 (6th Cir. 2003) (per curiam).

The Court recognizes that Yarber is proceeding *pro se*, without the assistance of an attorney. The Court construes *pro se* motions more leniently than other motions. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Castro v. United States*, 540 U.S. 375, 381-83 (2003).

## II.

No matter how leniently Yarber's motion is construed, it could not succeed on the merits. First, the Amendment does not apply to convictions that have become final. Amendment 794 is a "clarifying" amendment that applies retroactively only to cases *on direct appeal. United States v. Quintero-Leyva*, 823 F.3d 519, 523 (9th Cir. 2016); *see also United States v. Carter*, No. 15-3618, 2016 WL 5682707, at *6 (6th Cir. Oct. 3, 2016).

Yarber's judgment was entered on May 20, 2014 (D.E. 363), and she did not appeal. Her conviction then became final upon the expiration of the 14-day period for filing a notice of appeal under Federal Rule of Appellate Procedure 4(b)(1)(A). The only Guidelines Amendments that apply retroactively to final sentences are those listed in USSG § 1B1.10. *United States v. Horn*, 612 F.3d 524, 527 (6th Cir. 2010); *United States v. Dullen*, 15 F.3d 68, 70-71 (6th Cir. 1994). Amendment 794 is not among those listed in § 1B1.10. Because Yarber's sentence is final by virtue of the conclusion of direct appeal, she cannot invoke the benefit of Amendment 794.

The second, and related, problem is that "nonconstitutional errors ordinarily are not cognizable on collateral review." *Grant v. United States*, 72 F.3d 503, 506 (6th Cir. 1996). "Sentencing challenges generally cannot be made for the first time in a post-conviction § 2255 motion. Normally, sentencing challenges must be made on direct appeal or they are waived."

*Weinberger v. United States*, 268 F.3d 346, 351 (6th Cir. 2001). In this case, Yarber waived her right to appeal the sentence. D.E. 150 at 4 ¶ 7. If a non-constitutional issue "could not be raised on direct appeal," it may only be addressed through a § 2255 motion "when a miscarriage of justice arises." *Logan v. United States*, 434 F.3d 503, 508 (6th Cir. 2006). Stated differently, non-constitutional claims "that could not have been raised on appeal are permissible only if they satisfy the 'fundamental defect' test." *Logan*, 434 F.3d at 508 (citing *Stone v. Powell*, 428 U.S. 465, 478 n.10 (1976)). The "fundamental defect" test asks whether the "defendant stands convicted of 'an act that the law does not make criminal.'" *Id*. at 509 (quoting *Bousley v. United States*, 523 U.S. 614, 620 (1998)). These standards apply even when there has been an intervening change in the law. *Lang v. United States*, 474 F.3d 348, 357 (6th Cir. 2007). Clearly, the Commission's adoption of Amendment 794 does not satisfy the fundamental defect test. Yarber cannot bring this sentencing challenge under a § 2255 motion.

### III.

Three other problems with Yarber's motion are more procedural in nature. The first concerns Yarber's appeal waiver. In her plea agreement, Yarber waived "the right to attack collaterally the guilty plea, conviction, and sentence," except for claims of ineffective assistance of counsel. D.E. 150 at 4 ¶ 7. Yarber's § 2255 motion is a collateral attack, and she is not arguing an ineffective-assistance-of-counsel claim. This collateral attack falls squarely within the waiver provision of her plea agreement, and thus it is waived. *See Davila v. United States*, 258 F.3d 448, 450-51 (6th Cir. 2001) (upholding the validity of such waivers).

The next issue is that Yarber's motion is untimely. A one-year deadline applies to motions filed under 28 U.S.C. § 2255. 28 U.S.C. § 2255(f). The statute provides that the limitation period begins to run from the latest of four specified dates, only one of which is

4

relevant here: "the date on which the judgment of conviction becomes final." *Id*. § 2255(f)(1). Yarber's judgment was entered May 20, 2014 (D.E. 363), and her appeal window expired fourteen days later. Thus, the statute of limitations under § 2255(f)(1) expired in June 2015. Yarber's § 2255 motion was postmarked on October 8, 2016 (D.E. 448-1), far beyond the one-year deadline.

Although the one-year deadline can be equitably tolled, to warrant tolling the movant must show (1) that she has been pursuing her rights diligently, and (2) that some extraordinary circumstance stood in her way and prevented timely filing. *Holland v. Florida*, 560 U.S. 631, 649 (2010). Equitable tolling is an extraordinary remedy. "Absent compelling equitable considerations, a court should not extend limitations by even a single day." *Jurado v. Burt*, 337 F.3d 638, 643 (6th Cir. 2003) (quoting *Graham-Humphreys v. Memphis Brookes Museum of Art, Inc.*, 209 F.3d 552, 560 (6th Cir. 2000)). However, as previously explained, even if Yarber could show that equitable tolling would be appropriate, her motion fails on the merits.

The final issue is that Yarber's § 2255 motion is not signed. Rule 2(b)(5) of the Rules Governing Section 2255 Proceedings requires that motions be "signed under penalty of perjury by the movant or by a person authorized to sign it for the movant." Yarber's motion contains no signature written under penalty of perjury. Normally, the Court would grant the movant an opportunity to correct the motion. However, in this case, because the motion is both meritless and untimely, allowing Yarber to sign it would be futile.

### IV.

In this case, "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). Because "it plainly appears . . . that the moving party is not entitled to relief, the judge must dismiss the motion." Rules Governing

Section 2255 Proceedings, Rule 4. The undersigned therefore **RECOMMENDS** that the motion be **DISMISSED** and that **no Certificate of Appealability** issue. *See* 28 U.S.C. § 2253(c)(2).

In certain circumstances, prior notice of dismissal is required. *Shelton v. United States*, 800 F.3d 292, 294 (6th Cir. 2015); *see also Acosta v. Artuz*, 221 F.3d 117, 124 (2d Cir. 2000) (explaining that when the court's *sua sponte* dismissal is based on procedural grounds, "the district court must provide notice and an opportunity to be heard prior to dismissal," but when "the dismissal is based on the merits . . ., no prior notice is required"). *Shelton* recognizes that a petitioner's opportunity to object to a Magistrate Judge's Recommended Disposition satisfies the notice requirement. *Shelton*, 800 F.3d at 295.

Thus, any objection to, or argument against, dismissal must be asserted properly and in response to this Recommended Disposition. The Court directs the parties to 28 U.S.C. § 636(b)(1) for appeal rights and mechanics concerning this Recommended Disposition, issued under subsection (B) of the statute. *See also* Rules Governing Section 2255 Proceedings, Rule 8(b). Within **fourteen days** after being served with a copy of this decision, any party may serve and file specific written objections to any or all findings or recommendations for determination, *de novo*, by the District Court. Failure to make a timely objection consistent with the statute and rule may, and normally will, result in waiver of further appeal to or review by the District Court and Court of Appeals. *See Thomas v. Arn*, 474 U.S. 140, 155 (1985); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981).

This the 16th day of November, 2016.



Signed By:
Hanly A. Ingram
United States Magistrate Judge